In re ) Case No. _____
)
) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☐ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $_____ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $_____ ($4,750 maximum) and expenses of $_____ for a total of $_____.
☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

☐ **SCHEDULE 2**: Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
   ☐ (a) a flat fee (i.e., requiring no itemization) of $_____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

   ☐ (b) an estimated total fee of $_____ and expenses of $_____. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.

   ☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to fee arrangements as follows:

☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected;(b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on _____ a copy of this document was served on the debtor(s) and trustee.

DATED: _____

_____
Debtor's Attorney

# Professional Services Agreement


OlsenDaines

I employ the Law Offices of OlsenDaines to represent me regarding a Chapter _____ bankruptcy, which will include preparing and filing the petition, schedules, statement of financial affairs, means test, and representation at the meeting of creditors (which fees are subject to Bankruptcy Court approval). This agreement includes provisions A - H below.

[✓] 1. **Chapter 7:** A flat attorney fee of $ _1375_ plus $ _335_ for the court filing fee (all fees must be paid before filing).

[ ] 2. **Chapter 13:** Total attorney fees of $_____ . This represents all compensation for the entire life of the Chapter 13 (except for adversary proceedings or appeals). $_____ paid before filing, which includes $_____ for the court filing fee. The balance of the fees are paid through the Chapter 13 plan.

[ ] 3. **Chapter 13:** Total attorney fees of $_____ for services provided through confirmation of the Chapter 13 plan and initial audit of claims. $_____ to be paid before filing which includes $_____ for the court filing fee. The balance of the attorney fees are to be paid through the Chapter 13 plan. In the event of services provided after confirmation and the initial audit of claims, attorneys can apply for additional fees to be paid through the Chapter 13 plan as described in paragraph C below.

[ ] 4. **Chapter 13:** Maximum attorney fees of $_____ through confirmation and initial audit of claims. This fee is based on estimated time at the rate set in paragraph C below and must be approved by the Court. $_____ to be paid before filing which includes $_____ for the court filing fee, the balance of the attorney fees to be paid through the Chapter 13 plan payments. In the event of services provided after confirmation, the attorney can apply for additional fees to be paid through the plan as described in paragraph C below.

[✓] 5. **Retainer:** Client(s) may choose to retain our services for $ _200_ allowing referral of creditors to our office. If a retainer payment is made, it shall be applied to the fees sought above.

[ ] 6. _____

[ ] 7. _____

Dated this _9TH_ day of _SEPTEMBER, 2017_.

_____  _____  _____
Attorney Signature         Client Signature            Client Signature
                           Mike Krueger
                           Print Name                   Print Name

---

### Additional Provisions

A. Our fees do not include representation in State Court actions or representation to set aside a State or Circuit Court Judgment Lien on real property (there will be an additional fee if that is necessary). Fees do not include representation regarding defending a complaint to have a debt determined to be non-dischargeable, representation regarding a revoked or suspended drivers license; or representation where the U.S. Trustee challenges a debtors ability to file a Chapter 7. Fees do not include representing debtors in seeking to recover any preferential transfer claims that exists.

B. Fees are earned upon receipt. Fees will not be deposited into the lawyer trust account and you may terminate us at any time. In that event you might be entitled to a refund of all or part of the fee if the services have not been completed. Furthermore, in a Chapter 13, since attorney fees are being paid by the Trustee to the attorney over time through a Chapter 13 plan, if the case is dismissed or converted, the attorney is authorized to negotiate a Trustee check made out to client for the balance of attorney fees which have not been paid.

C. If fees are paid through Box 3 or 4 (Chapter 13 only), any additional legal services provided by OlsenDaines after confirmation of the Chapter 13 plan (such as responding to a Motion to Dismiss, Relief from Stay or Modifying a Plan) are in addition to the fees above and will be paid through the plan at $325.00 per attorney hour and paralegal time shall not exceed $135.00 per hour. Time is calculated at a minimum of .1 (6 minutes) per hour.

D. On occasion, clients are referred to OlsenDaines by other law firms. OlsenDaines pays a referral fee to some of these firms. These referral fees will be part of the total fee quoted herein and are approved by the client.

E. Upon OlsenDaines' receipt of all or any portion of the Chapter 7 attorney fees, the funds are the property of OlsenDaines and will not be placed in a trust account. The fact that you have paid your fee in advance does not affect your right to terminate the client / lawyer relationship. In the event our relationship is terminated before the agreed upon legal services have been completed, you may or may not have a right to a refund of a portion of the fee.

F. In the event a case is not filed or our services are terminated, the client agrees that money held in trust for the filing fee may be applied to any unpaid attorney fees listed above. If a case is filed at a later date by OlsenDaines, these funds will be applied to the new fees.

G. Client acknowledges that OlsenDaines is not allowed to accept a credit card payment for attorney fees from a client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding.

H. Retainer expires 12 months after receipt.

**For more information, please visit our website at www.olsendaines.com**     Rev. 7/17